IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NATALIE SIMONE BURKE, *Appellant.*

No. 1 CA-CR 23-0351
FILED 06-25-2024

Appeal from the Superior Court in Maricopa County
No.  CR2003-015998-002
The Honorable David W. Garbarino, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Bradley F. Perry
*Counsel for Appellee*

DiMaggio Law Office, PLLC, Phoenix
By Kaitlin DiMaggio
*Counsel for Appellant*

**OPINION**

Presiding Judge Angela K. Paton delivered the opinion of the Court, in which Judge Michael S. Catlett and Judge Andrew M. Jacobs joined.

**P A T O N,** Judge:

**¶1** The superior court granted Natalie Simone Burke's petition to expunge her drug paraphernalia offense records and seal the arrest, charging, and court records pertaining to that offense, but denied her request to seal the remaining unexpunged offense records within the same criminal case. She appealed, and contends that Arizona Revised Statutes ("A.R.S.") Section 36-2862(C)(1)(e) requires the court to seal the entire case record—including unexpunged offense records—when the case includes at least one expunged offense. We conclude that it does not and affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In 2004, a jury convicted Burke of possession of marijuana for sale, a class 2 felony (count 1); conspiracy to commit sale or transportation of marijuana, a class 2 felony (count 2); possession of drug paraphernalia, a class 6 felony (count 3); and first-degree money laundering, a class 2 felony (count 4). The superior court sentenced her to a term of probation, which she completed and was discharged from in 2012.

**¶3** In 2020, Arizona voters adopted Proposition 207, known as the Smart and Safe Arizona Act, which authorizes courts to expunge certain marijuana-related offense records. *See* A.R.S. § 36-2862. Under Section 36-2862, an individual may seek expungement of the record of a prior arrest, charge, adjudication, conviction, or sentence involving a qualifying marijuana offense. *See* A.R.S. § 36-2862(A). If the court grants expungement of an eligible offense, the court's order shall "[r]equire the clerk of the court to seal all records relating to the expunged arrest, charge, adjudication, conviction or sentence and allow the records to be accessed only by the individual whose record was expunged or the individual's attorney." A.R.S. § 36-2862(C)(1)(e).

**¶4** In 2021, the Arizona Supreme Court enacted Arizona Rule of Criminal Procedure ("Rule") 36 to provide additional guidelines for expungement. The Rule states: "If the court grants the [expungement] petition, the court must, *as to any applicable count*, vacate the conviction and sentence, if any, [and] order that any record of the arrest, charge, conviction and sentence be expunged . . . ." Ariz. R. Crim. P. 36(d)(4) (emphasis added).

**¶5** Our supreme court also issued an administrative order to establish "standardized procedures . . . to implement the expungement process" pursuant to Rule 36 and Section 36-2862. *See* Ariz. Sup. Ct. Admin.

Order No. 2021-82 (May 26, 2021).  The Administrative Order requires all Arizona courts to comply with certain procedures after granting expungement, including:

> 2. Seal the entire case file if the charges being expunged constitute the entirety of the complaint, information, or indictment, including the petition to expunge and related responses, motions, and orders, and allow the records to be accessed only by the person whose record was expunged or the person's attorney.

> 3. Seal all records contained within the case file relating to the expunged arrest, charge, adjudication, conviction, and sentence, including the petition to expunge and related responses, motions, and orders as to the applicable counts if the charges being expunged constitute less than the entirety of the complaint, information, or indictment.  Upon receipt of a public records request, the court must withhold case records related solely to the expunged charges, redact references to the expunged portions of the case file, and allow public access to the records containing information concerning the charges that were not expunged in the case file.

> . . .

> 6. Comply with Rule 123(c)(2)(C), Rules of the Supreme Court, by ensuring that all sealed information related to the expunged charge is redacted from any record provided in response to a public record request.

*Id.*

¶6         In April 2023, Burke petitioned to expunge her drug paraphernalia conviction (count 3) pursuant to Section 36-2862(A)(3). Count 3 was eligible for expungement because Burke was convicted of "[p]ossessing, using or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana."  A.R.S. § 36-2862(A)(3).

¶7         Burke acknowledged in her petition that her only expungement-eligible offense was the drug paraphernalia conviction, but also requested that her possession, conspiracy, and money laundering convictions be sealed and made available only to Burke or her attorney. She asserted "[t]he request for expungement . . . if granted, provides the basis

to seal counts one, two, and four of this case." The State agreed that the drug paraphernalia conviction was expungement-eligible but asserted: "To the extent that any records contain information about other charges, records related to the arrest, charge, conviction, adjudication or sentence of charges outside the purview of A.R.S. § 36-2862 they should not be expunged."

¶8 The court heard argument regarding Burke's expungement petition and request to seal the records for not only her expungement-eligible drug paraphernalia conviction, but also for her non-expungement eligible possession, conspiracy, and money laundering convictions. The court expressed concern about sealing the entire matter when only one conviction was eligible for expungement and asked whether Burke's petition should be treated as a combined petition to expunge and petition to seal, in which case the court would consult the sealing statute, Section 13-911. The court noted that in previous cases containing both expunged and unexpunged offenses, it ordered the clerk of court to redact information related to the expunged offenses, leaving the unexpunged, unsealed offenses publicly available. Burke asserted that the Section 13-911 sealing statute was not a part of her petition, and that under Section 36-2862, once an expungement is granted, all records related to the expunged offense are sealed—including non-expungement eligible offenses that are part of the same criminal case. She also argued the statute requires more than redaction of the expunged portion. The State did not "have a detailed answer for [the court]" at the time, adding that it also understood Section 36-2862 to require the entire case record to be sealed but the other convictions would still exist and be eligible for sentencing enhancement.

¶9 The superior court found that no legal authority supported sealing the entire case. It ruled that "[e]xpungement is charge specific," and under Section 36-2862(C)(1)(e), "only records that relate to the expunged charge are to be sealed." It also concluded that "Section 36-2862(C)(1)(e) does not authorize either expressly or impliedly the Court to order sealing of documents related to charges that are not expunged," and thus, "[c]harges that are not subject to expungement continue to exist and the public should have access to the court records related to those charges absent an order upon a proper petition to seal based on A.R.S. § 13-911." The court granted expungement of the arrest records, charging documents, and all court records "**pertaining only to Count 3**" (the drug paraphernalia conviction), but denied Burke's request to seal the case records relating to the unexpunged convictions. (Emphasis in original.)

4

¶10 Burke timely appealed, and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution, and Sections 12-120.21(A)(1), 13-4031, 13-4033(A)(3), and 36-2862(F).

## DISCUSSION

¶11 Burke argues the superior court abused its discretion by denying her request to seal the entire case file, including the records for her possession, conspiracy, and money laundering convictions, after expunging her drug paraphernalia offense under Section 36-2862. Specifically, she argues the term "seal" in Section 36-2862(C)(1)(e) applies to all unexpunged offenses if those offenses are "related to" an expunged offense in the same criminal case, and because all four of her convictions are within the same criminal case, the three unexpunged convictions are "related to" the one expunged conviction.

¶12 Both parties acknowledge that the State agreed with Burke's interpretation of the statute during the superior court proceedings. On appeal, Burke does not raise waiver or respond to the State's judicial estoppel arguments. Even if she had, we are not bound by the parties' agreements or concessions when interpreting a statute. *See Mora v. Phoenix Indem. Ins. Co.*, 196 Ariz. 315, 318, ¶ 14 n.3 (App. 1999). We review the superior court's ruling on an expungement petition for an abuse of discretion but "'review the interpretation of statutes and court rules de novo.'" *State v. Ibarra*, 254 Ariz. 320, 323, ¶ 5 (App. 2022) (quoting *Cranmer v. State*, 204 Ariz. 299, 301, ¶ 8 (App. 2003)).

¶13 This court recently examined whether the words "relating to" in Section 36-2862(A)(3) should be read broadly to allow the expungement of a drug paraphernalia conviction if the conviction involves *any* marijuana paraphernalia plus some other illegal substance. *See State v. Cisneros*, 255 Ariz. 564, 566–68, ¶¶ 10–17 (App. 2023). To determine the meaning of the phrase "relating to," we looked to our supreme court's decision in *Saban Rent-a-Car LLC v. Ariz. Dep't of Revenue*, 246 Ariz. 89 (2019). In *Saban*, the supreme court concluded that the phrase "relating to" is subject to "unlimited reach if construed too broadly," and, therefore, must be read "in conjunction with the history and purpose" of the text. *Id.* at 95–96, ¶ 22. We applied this reasoning to *Cisneros* and held:

> Given the voters' limited intent to legalize possession and use of marijuana and related paraphernalia, and to provide for expungement of such offenses only, we reject Cisneros's argument that the absence of the word 'only' from the phrase

'relating to' requires us to read it more expansively. *Cf. Roberts v. State*, 253 Ariz. 259, 266, ¶ 20 (2022) ("court will not inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions" (quoting *City of Phoenix v. Donofrio*, 99 Ariz. 130, 133 (1965))).

*Cisneros*, 255 Ariz. at 567, ¶ 16.

¶14 We face a similar interpretive question here—that is, when a criminal matter involves at least one expungement-eligible offense, whether the court must also seal unexpunged offenses that are part of the criminal case because they "relat[e] to" the same criminal matter. *See* A.R.S. § 36-2862(C)(1)(e). Burke asserts the answer to that question is yes, contending that multiple offenses within a single criminal case establish a "connection" between all offenses, such that unexpunged convictions are "related to" an expunged conviction, requiring the entire criminal case record to be sealed when expungement is granted for one eligible offense.

¶15 Our primary goal in interpreting Section 36-2862(C)(1)(e) "is to effectuate the electorate's intent in adopting it." *See Saban Rent-a-Car LLC*, 246 Ariz. at 95, ¶ 21 (citing *Jett v. City of Tucson*, 180 Ariz. 115, 119 (1994)). "If we can discern the provision's meaning from its language alone, we will apply it without further analysis." *Id.* (citing *Jett*, 180 Ariz. at 119).

¶16 We disagree with Burke's broad reading of Section 36-2862(C)(1)(e). The statute requires the court to order the clerk of court to "seal all records relating to the *expunged* arrest, charge, adjudication, conviction or sentence[.]" A.R.S. § 36-2862(C)(1)(e) (emphasis added). The text applies the term "seal" only to the expunged portion of a defendant's criminal record. Here, the court only expunged the drug paraphernalia conviction from Burke's criminal record. Thus, the statute requires that only records relating to the expunged offense—here, the drug paraphernalia offense—be sealed; the statute does not automatically require sealing of unexpunged offenses within the same criminal case record.

¶17 Further, the text of Proposition 207 does not support the notion that the voters intended the phrase "relating to" to mean the expungement statute requires sealing other unexpunged offenses because they exist in the same criminal case. Sections 36-2850 to 36-2865 decriminalized certain marijuana-related offenses, only making some offenses eligible for expungement. *See Ibarra*, 254 Ariz. at 323, ¶ 6 (citing A.R.S. §§ 36-2850 to 36-2865). The offenses that may be expunged are

limited, and include those involving possession, consumption, or transportation of two and one-half ounces or less of marijuana; possession, transportation, cultivation, or processing of not more than six marijuana plants at the individual's residence for personal use; and possession, use, or transportation of drug paraphernalia related to the cultivation, manufacture, processing, or consumption of marijuana. A.R.S. § 36-2862(A)(1)–(3). Sealing the entire criminal case record—including unexpunged offenses—would expand the statute's protections beyond the text, structure, and purpose of Proposition 207 by shielding other offenses not included in the statute's narrowly-constructed definition of legal marijuana use. *See* A.R.S. § 36-2853(A).

¶18 The superior court gave the following helpful hypothetical: If before the enactment of the expungement statute, an individual was arrested for armed robbery, and in the course of that arrest was also found to be in possession of marijuana and thus charged with both marijuana possession and armed robbery, it cannot be the case that because the two convictions exist under the same case number, all records related to the armed robbery would be sealed if the possession conviction is expunged. "[W]e interpret and apply statutory language in a way that will avoid an untenable or irrational result." *State v. Estrada*, 201 Ariz. 247, 251, ¶ 16 (2001). Applying Burke's interpretation would require us to read the statute in a way that would result in non-marijuana specific records being sealed or withhold access to criminal records that would otherwise be public—essentially rendering other statutes meaningless. *See State v. Thompson*, 204 Ariz. 471, 475, ¶ 10 (2003).

¶19 Our supreme court's guidance in Administrative Order 2021-82 confirms our interpretation of Section 36-2862(C)(1)(e). Our supreme court has "administrative supervision over all the courts of the state," and the "[p]ower to make rules relative to all procedural matters in any court." Ariz. Const. art. 6, §§ 3, 5. Pursuant to that power, the supreme court ordered that Arizona courts "must withhold case records *related solely to the expunged charges, redact references to the expunged portions* of the case file, and *allow public access to the records containing information concerning the charges that were not expunged in the case file*." Ariz. Sup. Ct. Admin. Order No. 2021-82 (emphasis added). The supreme court ordered courts to only "[s]eal the entire case file if the charges being expunged constitute the entirety of the complaint, information, or indictment . . . ." *Id.* And in Rule 36, which governs petitions to expunge records, the supreme court ordered expungement of all records related to the "applicable count," meaning the count eligible for expungement. Ariz. R. Crim. P. 36(d)(4). The Administrative Order and Rule 36 direct the courts to redact references to

the expunged portions—*i.e.*, the applicable counts—and otherwise allow public access to records concerning the unexpunged offenses. *See* Ariz. Sup. Ct. Admin. Order No. 2021-82; Ariz. R. Crim. P. 36.

**¶20**　　　　Finally, Burke's interpretation of Section 36-2862(C)(1)(e) conflicts with the right of access to judicial records in Arizona Supreme Court Rule 123. Our supreme court has recognized that the public has a "significant interest in access to information regarding the courts," and given the importance of public access, there is a "presumption that court records be open and available to the public." *London v. Broderick*, 206 Ariz. 490, 492, ¶ 8 (2003).

**¶21**　　　　Rule 123, adopted by our supreme court in 1997, recognizes that "[h]istorically, [Arizona] has always favored open government and an informed citizenry." Ariz. R. Sup. Ct. 123(c)(1). Thus, court records "are presumed to be open to any member of the public for inspection or to obtain copies[.]" *Id.* But public access to court records may be restricted because of "countervailing interests of confidentiality, privacy or the best interests of the state" or "in accordance with . . . other provisions of law." *Id.*

**¶22**　　　　When it comes to adult criminal records, Rule 123 restricts access to the following records: "Criminal History Records, diagnostic evaluations, psychiatric and psychological reports, medical reports, alcohol screening and treatment reports, social studies, probation supervision histories" and court work product. Ariz. R. Sup. Ct. 123(d)(2)(A). "Criminal History Record Information" includes "only those records of arrests, convictions, sentences, dismissals and other dispositions of charges" provided by crime information centers or criminal justice agencies. Ariz. R. Sup. Ct. 123(b)(6). Otherwise, "[a]ll other information in the adult criminal case files maintained by the clerk of the court is open to the public[.]" Ariz. R. Sup. Ct. 123(d)(2)(C).

**¶23**　　　　The expungement statute provides that an individual who was involved in court proceedings for certain marijuana offenses "may petition the court to have the record of *that* arrest, charge, adjudication, conviction or sentence expunged[.]" A.R.S. § 36-2862(A) (emphasis added). "That" means "the person, thing, or idea indicated, mentioned, or understood from the situation[.]" Merriam-Webster's Dictionary, https://www.merriam-webster.com/dictionary/that (last visited June 21, 2024). Here, the "thing" indicated in Section 36-2862(A) is an arrest, charge, adjudication, conviction, or sentence stemming from one of the marijuana offenses listed in the statute. The statute does not say that non-marijuana offenses occurring at the same time as marijuana offenses are eligible for

expungement. Thus, Section 36-2862 is not a "provision[] of law" restricting public access to non-marijuana offenses. *See* Ariz. R. Sup. Ct. 123(c)(1).

¶24 Yet Burke asks us to interpret Section 36-2862(C)(1)(e) in a way that would restrict public access to case documents reflecting non-marijuana offenses. She does not attempt to rebut any presumption that case documents reflecting non-marijuana offenses remain open for inspection and copying. Nor does she argue that such case documents fall within an exception to the right to public access. And she does not claim that such documents fall within those categories of documents restricted under Rule 123(d)(2)(A). Accordingly, adopting Burke's interpretation and sealing documents reflecting non-marijuana offenses would conflict with Rule 123's right of access to judicial records.

¶25 In sum, the statutory language the Arizona electorate adopted does not support sealing unexpunged offenses within the same criminal case as an expunged offense merely because the unexpunged offenses occurred in the same criminal case as an expunged offense. The superior court correctly concluded that Section 36-2862(C)(1)(e) does not authorize the court to order sealing of records related to unexpunged offenses. We therefore reject Burke's broad reading of the statute and hold that the phrase "relating to" does not mean that unexpunged offenses are eligible for sealing under Section 36-2862(C)(1)(e).

## CONCLUSION

¶26 We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV