832 P.2d 705

**The ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency of the State of Arizona, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Laura Estay, a Commissioner thereof, Respondent,**

**BABY BOY DOE, a person under the age of 18 years; and John and Jane Doe, married persons, Real Parties in Interest.**

**No. 1 CA–SA 91–324.**

Court of Appeals of Arizona,
Division 1, Department D.

June 9, 1992.

---

Grant Woods, Atty. Gen. by Kim S. Anderson, Asst. Atty. Gen., Phoenix, for petitioner.

Helm & Kyle, Ltd. by Theodore L. Kyle, Tempe, Guardian Ad Litem for Baby Boy Doe.

Joanne Landfair, Phoenix, for respondent Baby Boy Doe.

Richard Scherb, Phoenix, for real parties in interest John and Jane Doe.

## OPINION

EHRLICH, Judge.

The Arizona Department of Economic Security ("DES"), as legal custodian of Baby Boy Doe, petitioned this court to consider whether a child who is adjudicated dependent, but who remains in the physical custody of his parents, is excluded from medical and dental coverage provided by DES pursuant to Ariz.Rev.Stat.Ann. section ("A.R.S. §") 8–512(A). We earlier ac-

cepted special action jurisdiction because this issue is one of statewide concern for DES and similarly-situated parents and can be resolved on legal principles. *E.g., University of Arizona Health Sciences Center v. Superior Court,* 136 Ariz. 579, 581, 667 P.2d 1294, 1296 (1983). In addition, DES lacks an adequate remedy by appeal. Ariz. R.P.Spec. Actions 1(a); *Bechtel v. Rose, In and For Maricopa County,* 150 Ariz. 68, 71, 722 P.2d 236, 239 (1986); *see also, In re Appeal in Pima County, Juvenile Action No. J–35316,* 24 Ariz.App. 384, 385, 539 P.2d 188, 189 (1975) (special action review may be available for non-appealable juvenile court orders), *overruled on other grounds, Appeal in Yavapai County Juvenile Action No. J–8545,* 140 Ariz. 10, 680 P.2d 146 (1984). In that earlier order accepting jurisdiction, we also granted relief and said that this opinion would follow.

## Facts and Procedural History

Approximately five months after Baby Boy Doe was adjudicated dependent and removed from the home of his parents for foster parent care, the juvenile court transferred physical custody of the child back to his parents and reaffirmed the child's dependency. The court also decided that the parents would be able to consent to routine medical treatment and dental procedures for the child. However, following a mandatory review hearing, at which the court reaffirmed the child's dependency, it ordered DES to arrange an eye examination for the child within 30 days of the hearing date, to obtain new eyeglasses for the child and to schedule a dental appointment. DES asked the court to reconsider its order, asserting that the placement of the child with his parents relieved DES from financial responsibility for the child's medical and dental care. The court denied the motion and this special action ensued.

DES maintains that the court exceeded its authority when it ordered DES to provide dental and medical care for a dependent child residing with his parents. The child responds that because he is a ward of the court, DES is financially responsible for his health care. The parents contend that the court acted properly, but submit,

as does the child's guardian ad litem, that the issue is moot because the necessary care already has been provided.

## Discussion

■ Initially, we reject the suggestion that this matter is moot for two reasons: First, the parents are seeking reimbursement from DES for the costs of care provided to the child. Second, the issue presented is a recurrent one, capable of repetition yet evading review. *E.g., City of Flagstaff v. Mangum,* 164 Ariz. 395, 400, 793 P.2d 548, 553 (1990); *Exodyne Properties, Inc. v. City of Phoenix,* 165 Ariz. 373, 376, 798 P.2d 1382, 1385 (App. 1990).

The specific physical placement arrangements for which DES must provide medical and dental care for dependent children are enumerated in A.R.S. § 8–512(A):

A. The department [DES] shall provide comprehensive medical and dental care, as prescribed by the rules and regulations of the department, for each child:

1. Placed in a foster home.

2. In the custody of the department and placed with a relative.

3. In the custody of the department and placed in a certified adoptive home....

4. In the custody of the department and in an independent living program, ...

5. In the custody of a probation department and placed in foster care.

The statutory definition of a "relative" is "a grandparent, great grandparent, brother or sister of whole or half blood, aunt, uncle or first cousin." A.R.S. § 8–501(A)(11). The definition of "foster home" is "a home maintained by any individual or individuals having the care or control of minor children, other than those related to each other by blood or marriage, or related to such individuals, or who are legal wards of such individuals." A.R.S. § 8–501(A)(4).

Consistent with this is the pertinent regulation, Arizona Administrative Code ("A.A.C.") Rule R6–5–6004:

A. The Department [DES] shall pay or cause to be paid the cost of necessary

covered services ... rendered to children who are:

1. Placed in a licensed foster home or licensed child welfare agency by:

a. The Department of Economic Security; ....

    \*    \*    \*    \*    \*    \*

2. Placed in a licensed receiving foster care facility (shelter care).

3. Or for whom temporary custody has been awarded to the Department, and who are placed in a hospital for care and treatment.

Dental and eye care services are within "covered services." A.A.C. Rule R6–5–6005.

■ Despite the statutory and regulatory omission of children remaining in parental custody, the parents argue that DES still is financially accountable for the dependent child's care. They assert that the placement of a dependent child with his parents is unusual and, therefore, its omission as a placement alternative for which DES is obligated to provide the child with health care is inadvertent. The parents also contend, without providing any authority or examples, that "it is not uncommon for [DES] to pay medical and dental costs for child [sic] in unusual placement situations not contemplated by the statute."

■ Even assuming, for we do not know, that the placement arrangement in the present case is uncommon, the legislature nonetheless expressly considered this particular disposition, *see* A.R.S. § 8–241(A)(1)(a) (court may award dependent child to parents' care, subject to supervision of DES), but chose not to include it among the placement arrangements in A.R.S. § 8–512(A) for which DES must provide health care. *See State v. Ault,* 157 Ariz. 516, 519, 759 P.2d 1320, 1323 (1988) (citing *State v. Allred,* 102 Ariz. 102, 103–04, 425 P.2d 572, 573–74 (1967)) (statute's express inclusion of subjects excludes all others not mentioned); 2A *Sutherland Statutory Construction* § 47.11, p. 165

(Singer 5th ed. 1992). Indeed, even the arrangement contemplated by A.R.S. § 8–512(A)(2) is not applicable because a parent is not considered to be a relative for purposes of the statute. *See* A.R.S. § 8–501(A)(11); *Ault,* 157 Ariz. at 519, 759 P.2d at 1323; *Allred,* 102 Ariz. at 103–04, 425 P.2d at 573–74.[1]

Finally, the objective of the medical and dental program is consistent with our interpretation that a dependent child placed with his parents is not eligible for DES-provided health care. The administrative rules adopted by DES pursuant to A.R.S. §§ 8–511 and 8–512 explain that:

> The goal of the Comprehensive Medical/Dental Program for Foster Children is to provide, in the most cost-effective manner, full coverage for those medical and dental services which are necessary to the achievement and maintenance of an optimal level of physical and mental health for children *in foster care.*

A.A.C. Rule R6–5–6001 (emphasis added); *see* A.A.C. Rule R6–5–6002. However, a parent caring for a dependent child is not a foster parent and the child is not considered to be in foster care. *See* A.R.S. § 8–501(A)(4), (5). The parents simply are resuming, under supervision, parental responsibilities stemming from the birth of the child, including the requisite medical care. *In the Matter of the Appeal in Cochise County Juvenile Action No. 5666–J,* 133 Ariz. 157, 160, 650 P.2d 459, 462 (1982). It is of no consequence that DES caused an interruption in the relationship.

■ Because DES is not required to provide for a dependent child's health care while the child remains in the custody of his parents, we find that the court acted contrary to A.R.S. § 8–512(A) when it ordered DES to arrange for and obtain particular medical and dental care for the child. The relief requested by special ac-

---

1. The conclusion that a parent is not considered a relative under A.R.S. § 8–512(A)(2) is further supported by the separate definition of the term "parent" in A.R.S. § 8–501(A)(8) ("'Parent or parents' means the natural or adoptive parents of the child."). *See also* A.R.S. § 8–514.02 (differentiating between "parent" and "relative" for purposes of child placement alternatives).

tion is granted and the juvenile court's order is set aside.

TAYLOR, P.J., and GERBER, J., concur.