254 P.3d 1138

The BANK OF NEW YORK MELLON, as Trustee for the Structured Asset Securities Corporation Mortgage Pass–Through Certificates Series 1998–8, its assignees and/or successors-in-interest, Plaintiff–Appellee,

v.

Patricia DE MEO, Defendant–Appellant.

No. 1 CA–CV 10–0177.

Court of Appeals of Arizona, Division 1, Department B.

May 3, 2011.

Patricia De Meo, Phoenix, Appellant In Propria Persona.

Perry & Shapiro, LLP by Christopher R. Perry, Jason P. Sherman, Phoenix, Attorneys for Appellee.

Community Legal Services by Jeffrey Kastner, Phoenix, Attorneys for Amici Curiae.

## OPINION

WEISBERG, Judge.

¶ 1 Appellant, Patricia De Meo, appeals from a judgment finding her guilty of forcible entry and detainer and ordering her to surrender her leased premises to Appellee, The Bank of New York, as Trustee for the Structured Asset Securities Corporation Mortgage Pass–Through Certificates Series 1998–8, its assignees and/or successors-in-interest ("the

Bank"). For reasons that follow, we reverse the judgment.

## PROCEDURAL HISTORY

¶ 2 The Bank held a note secured by a deed of trust on real property ("the property") owned by J.S. J.S. had leased the property to De Meo pursuant to a written lease agreement for one year commencing on August 31, 2005, with an option to purchase that expired on August 31, 2006. After not exercising her option to purchase, De Meo continued to lease the property on a month-to-month basis.

¶ 3 J.S. later defaulted on the note and the Bank acquired the property at a trustee's sale. The trustee's deed was recorded on August 18, 2009. On August 19, 2009, the Bank, through its attorneys, sent a letter to J.S. and/or Occupants giving notice to vacate the property within five days of the date of the letter pursuant to Arizona Revised Statutes ("A.R.S.") 12–1173 and 12–1173.01 (2003).[1] The letter indicated that if the property was not vacated within the time prescribed, the Bank would begin legal proceedings to recover possession of it. De Meo was still a tenant on August 19, 2009 and received the Bank's five-day written notice to vacate.

¶ 4 On November 24, 2009, the Bank filed a forcible entry and detainer ("FED") complaint against J.S. and "Occupants and Parties–in–Possession." De Meo was personally served on December 1, 2009. De Meo filed an answer on January 6, 2010 and raised several defenses, including that the Bank did not serve her with the 90–day notice required by the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") § 702, 12 U.S.C. § 5220 (2009).[2]

¶ 5 Regarding the 90–day notice requirement under the PTFA, the Bank's attorney told the court that the Bank did not file the FED action until 97 days after the August 19, 2009 letter, and that he did not "find anything here that would require us to pro-

vide any additional notice or any additional time." The court noted that the PTFA was a new law and that "all of us had a little bit of problem[ ] trying to figure out what it required, but the one thing that is certain that it requires is 90 days before an individual is going to be subject to a writ of restitution on a piece of property that they're renting." The court continued, "You had a valid lease. Once the term of the original written lease expired, it became a month-to-month tenancy. You're entitled to at least 90 days' notice from the date of the trustee's sale." However, the court reasoned that because the bank was the rightful owner, there was "no theory" that precluded the court from granting immediate possession of the property to the Bank.

¶ 6 The court granted judgment in the Bank's favor. The court denied De Meo's motion for the court to set bond and for a stay pending the outcome of the appeal. De Meo timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## DISCUSSION

¶ 7 De Meo claims the Bank violated the PTFA by failing to give her a 90–day written notice to vacate and that the court therefore erred in granting judgment in the Bank's favor. The Bank responds that this appeal should be dismissed because De Meo no longer resides on the property, rendering the appeal moot. The Bank also argues that the court did not err in entering judgment in its favor because the PTFA does not require a written 90–day notice, and because the Bank waited more than 90 days after giving De Meo a written five-day notice to institute the FED action.

### Mootness

¶ 8 "A decision becomes moot for purposes of appeal where as a result of a change of circumstances before the appellate

---

1. Under A.R.S. § 12–1173, there is a forcible detainer when a month-to-month tenant refuses to surrender possession of property "for five days after written demand." Under A.R.S. § 12–1173.01(A)(2), a person who retains possession of property after receiving "written demand of possession" may be removed through an action for

forcible detainer "[i]f the property has been sold through a trustee's sale under a deed of trust."

2. Because of our resolution of this issue, we need not address De Meo's other arguments.

decision, action by the reviewing court would have no effect on the parties." *Vinson v. Marton & Assocs.*, 159 Ariz. 1, 4, 764 P.2d 736, 739 (App.1988) (citing *Ariz. State Bd. of Dirs. for Junior Colls. v. Phoenix Union High Sch. Dist.*, 102 Ariz. 69, 73, 424 P.2d 819, 823 (1967)). When a tenant has abandoned property after entry of judgment granting the landlord possession, the issue of mootness arises. *Thompson v. Harris*, 9 Ariz.App. 341, 344, 452 P.2d 122, 125 (1969). We may, however, consider an issue that has become moot "if there is either an issue of great public importance or an issue capable of repetition yet evading review." *Phoenix Newspapers, Inc. v. Molera*, 200 Ariz. 457, 460, ¶ 12, 27 P.3d 814, 817 (App.2001); *Fraternal Order of Police Lodge 2 v. Phoenix Emp. Relations Bd.*, 133 Ariz. 126, 127, 650 P.2d 428, 429 (1982). Even accepting arguendo the Bank's argument, the issue of notice under the PTFA and its application to the FED statutes falls within both exceptions to the mootness rule, and we therefore decline to dismiss this appeal on that basis.

**90–Day Notice under the PTFA**

 ¶ 9 The PTFA, effective May 20, 2009, is a federal law protecting tenants who reside in certain foreclosed properties. It provides in pertinent part,

(a) In General–In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—

(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant *at least 90 days before the effective date of such notice;* and

(2) the rights of any bona fide tenant—

(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under subsection (1); or

(B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of *the 90 day notice* under subsection (1),

except that nothing under this section shall affect the requirements for termination of any Federal-or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

(Emphasis added).

¶ 10 The Bank did not dispute below that the PTFA applies in this case.[3] *See Harper v. JP Morgan Chase Bank Nat'l Ass'n*, 305 Ga.App. 536, 699 S.E.2d 854, 856 (2010) (PTFA applies where federally-related mortgage loan is being foreclosed upon and the tenant is a bona fide tenant under a bona fide lease). The Bank argues, however, that the PTFA does not require a written 90–day notice to vacate. Instead, it claims, the tenant need only receive "some notice" and that in this case, the five-day written notice was sufficient.

¶ 11 The interpretation and application of statutes are questions of law, which we review *de novo. Kromko v. City of Tucson*, 202 Ariz. 499, 501, ¶ 4, 47 P.3d 1137, 1139 (App.2002). In statutory construction, we first look to the plain language of the statute to determine its meaning and to discern the intent of Congress. *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004). We consider the words or phrases in their statutory con-

---

**3.** Community Legal Services, on behalf of a number of organizations, has filed a brief as an *amicus curiae* in support of De Meo's position. *See* ARCAP 16. In its responsive brief, the Bank has argued, for the first time, that the PTFA is unconstitutional as applied to De Meo and, contrary to its earlier position, that she is not protected by the PTFA because she failed to allege

that the foreclosure involved a federally-related mortgage. We do not consider these arguments, however, because they are new issues that were not raised below. *Parkinson v. Guadalupe Pub. Safety Ret. Board*, 214 Ariz. 274, 278, ¶ 22, 151 P.3d 557, 561 (App.2007) (court will not consider issues in *amicus curiae* briefs not raised below).

text. *Id.* at 186, 124 S.Ct. 1587. Also, if there is an ambiguity in a statute, we may consider its legislative history. *Id.* at 187, n. 8, 124 S.Ct. 1587.

¶ 12 Section 702(a)(1) of PTFA provides that a successor property owner assumes an interest in the property subject to its provision of "a notice to vacate to any bona fide tenant *at least 90 days before the effective date of such notice.*" (Emphasis added). Section 702(a)(2)(B) specifies that a successor property owner acquires its property interest subject to the right of a bona fide tenant who is "without a lease or a lease terminable at will under state law" to receive "*the 90 day notice* under subsection (1).*" (Emphasis added.) Accordingly, by its express terms, § 702(a) requires that a successor property owner provide a bona fide month-to-month tenant with a 90–day notice to vacate *before* terminating the tenancy, and the 90–day period must be completed *before* the notice's effective date.

¶ 13 The Bank nonetheless argues that the phrase "effective date of such notice" in § 702(a)(1) refers to the date the owner "takes action to force the tenant to vacate." Because the FED hearing did not take place until 97 days after the notice, the Bank asserts that De Meo "received the notice required by the PTFA." However, that interpretation is not consistent with the language of § 702(a) within the context of the entire provision. *See BedRoc,* 541 U.S. at 185, 124 S.Ct. 1587 ("statutory context ... confirms ordinary meaning"). As explained above, § 702(a) requires that the effective date *provided in the notice* to vacate be not less than 90 days after service of the notice upon the tenant. Our reading of this section is supported by the opinions of courts in other jurisdictions.

¶ 14 In *Nativi v. Deutsche Bank National Trust Co.,* 2010 WL 2179885 at *3 (N.D.Cal. May 26, 2010), the court opined that "[t]he PTFA protects tenants who are the victims of the foreclosure crisis. Included in the Act is a right for the tenant to occupy the premises until the end of the lease, as well as a

right to receive a notice to vacate 90 days before the effective date." (citations omitted). *See also Bank of America, N.A. v. Owens,* 28 Misc.3d 328, 903 N.Y.S.2d 667, 671–72 (2010) (the PTFA's advance notice provisions cannot be construed to permit owners to take measures to circumvent or "short-circuit" the 90–day notice requirement). Obviously, a five-day notice, even when followed by an unannounced 90–day delay, is at best misleading. The noticed tenant could reasonably conclude that all arrangements to vacate the property and relocate must be concluded within the five-day notice period. Such misleading information would not be consistent with the PTFA's requirement.

¶ 15 Moreover, the Bank's interpretation is contrary to the legislative intent expressed in support of the PTFA. As noted by Senator Christopher Dodd, one of the drafters of the PTFA, "all bona fide tenants who began renting prior to transfer of title by foreclosure ... must be given at least 90 days' notice before being required to vacate the property." He added that [t]his new law protects tenants facing evictions due to foreclosure by ensuring that they ... at the least, receive sufficient notice and time to relocate their families and lives to a new home." 155 Cong. Rec. S8978–01 (August 6, 2009).[4] Our holding is consistent with this legislative intent.

¶ 16 Because the Bank failed to comply with the PTFA's 90–day notice requirement, the trial court erred in finding De Meo guilty of forcible entry and detainer and in entering judgment in the Bank's favor. The trial court further erred in failing to dismiss the FED action. *See Alton v. Tower Capital Co., Inc.,* 123 Ariz. 602, 604, 601 P.2d 602, 604 (1979) (if landlord fails to give proper written notice, the trial court must find the tenant not guilty of forcible detainer and cannot enter judgment in the landlord's favor); *see also* Rule 13(a)(2), Arizona Rules of Procedures for Eviction Actions, (if the tenant does not receive proper termination notice, "the court shall dismiss the [FED] action.").

---

4. The Bank also asserts that a written 90–day notice to vacate is not required and that oral notice is sufficient to satisfy the PTFA. But the Bank has not cited any authority for this assertion and such an interpretation would be contrary to the express language of the law.

## CONCLUSION

¶ 17 For the foregoing reasons, we reverse the judgment of the trial court.

CONCURRING: DONN KESSLER, Presiding Judge and DIANE M. JOHNSEN, Judge.