IN THE

# ARIZONA COURT OF APPEALS

### DIVISION TWO

_____

KONDAUR CAPITAL CORPORATION,
*Plaintiff/Appellant,*

*v.*

PINAL COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF ARIZONA;
AND PAUL R. BABEU, SHERIFF OF PINAL COUNTY,
*Defendants/Appellees.*

No. 2 CA-CV 2014-0001
Filed June 27, 2014

_____

Appeal from the Superior Court in Pinal County
No. CV201002012
The Honorable Robert Carter Olson, Judge

**DISMISSED**

_____

COUNSEL

Miles, Bauer, Bergstrom & Winters, LLP, Henderson, Nevada
By Jeremy T. Bergstrom
*Counsel for Plaintiff/Appellant*

Elardo, Bragg, Appel & Rossi, P.C., Phoenix
By Marc A. Appel
*Counsel for Defendants/Appellees*

**OPINION**

Judge Espinosa authored the opinion of the Court, in which Presiding Judge Kelly and Judge Eckerstrom concurred.

E S P I N O S A, Judge:

**¶1**　　　Kondaur Capital Corporation (Kondaur) seeks review of a declaratory judgment addressing the manner in which Pinal County Sheriff Paul Babeu and Pinal County Sheriff's Department (collectively, PCSO) enforce writs of restitution issued in connection with statutory eviction actions. *See* A.R.S. §§ 12-1178 (addressing forcible detainer actions), and 33-1377 (addressing special detainer actions). Because we determine the issues raised by this appeal are moot, we decline review.

**Factual and Procedural Background**

**¶2**　　　In March 2010, Kondaur purchased a Pinal County residential property at a trustee's sale. When the occupants of the property, Clinton and Catherine White,[1] failed to vacate the premises after service of a written notice and demand to deliver possession, Kondaur commenced a forcible detainer action against them in Pinal County Superior Court. On May 28, 2010, judgment was entered against the Whites, and Kondaur subsequently served both the judgment and a writ of restitution on PCSO for enforcement and execution. When PCSO failed to deliver possession pursuant to the writ after several months, Kondaur amended its complaint to add a claim for declaratory relief against

---

[1]As a result of the trial court's November 2013 order severing the forcible detainer action and dismissing Kondaur's unjust enrichment claim against the Whites, they are not parties to this appeal. We have amended the caption to reflect this fact.

PCSO,[2] alleging it had "refused" to return the property to Kondaur. As a remedy, Kondaur sought "a judicial determination of the parties['] rights and duties, and a declaration as to the enforcement of the Court's May 28, 2010 Order."

¶3        Kondaur subsequently filed a motion for summary judgment in which it argued that PCSO was required to enforce a writ of restitution "by the end of the following business day after receiving it absent exigent circumstances," and further argued that, as owner of the property, Kondaur was "not required to provide the former occupant with a moving truck or [other] assistance [in] moving the former occupant's personal property."  In a response and cross-motion for summary judgment, PCSO urged the court to find that it had at least ten business days to serve and enforce a writ of restitution and could require the owner of the property to provide the occupant with assistance in removing the occupant's personal property.

¶4        After these issues had been fully briefed, Kondaur filed a supplemental motion for summary judgment in which it raised four additional issues concerning eviction procedure, including the proper method for handling information concerning the occupants' bankruptcy, the circumstances under which a writ of restitution can expire, how to obtain a new writ upon expiration and the length of time occupants can remain in the property after having been served with a writ of restitution.  The trial court entered judgment on Kondaur's declaratory judgment claim, citing A.R.S. § 12-1831

---

[2]As we noted in dismissing Kondaur's first appeal for lack of a final, appealable order, we question the propriety of this procedure under the Arizona Rules of Real Property Eviction Actions.  Those rules do not appear to contemplate the amendment of a forcible detainer action to add other types of claims.  *See* Ariz. R. P. Eviction Actions 2 ("All eviction actions are statutory summary proceedings and the statutes establishing them govern their scope and procedure."); Ariz. R. P. Eviction Actions 8(c) (eviction actions cannot be consolidated with other types of actions).  However, as resolution of this issue would not affect our result here, we decline to address it further.

(Scope of Uniform Declaratory Judgments Act) and Ariz. R. Civ. P. 57 (Declaratory Judgments), in support of its finding that the claim was justiciable.[3] The court's ruling addressed the following seven issues:

> Issue 1: Upon proper presentation to [PCSO] of a writ of restitution, . . . when must [PCSO] execute a writ of restitution and remove the occupants from a residential structure?

> Issue 2: Is [PCSO] required to serve a writ of restitution on a person?

> Issue 3: Must [PCSO] serve a writ of restitution and then give additional time to the party in possession before transferring possession?

> Issue 4: May [PCSO] require the party who obtained the writ to provide a moving truck or storage for the personal property of the person who is being evicted from a residence?

> Issue 5: Should [PCSO] refuse to enforce a writ of restitution when informed by a residential occupant of an automatic bankruptcy stay from the United States Bankruptcy Court?

> Issue 6: Does a writ of restitution expire?

> Issue 7: What is the procedure to obtain a new writ of restitution?

---

[3]The court also cited the parties' stipulation "that the Court has jurisdiction to grant declaratory relief on the issues presented."

**¶5**     Kondaur's first appeal was dismissed by this court for lack of jurisdiction because its claim for unjust enrichment against the Whites was still pending at the time the notice of appeal was filed. *Kondaur Capital Corp.*, No. 2 CA-CV 2012-0004, ¶¶ 1, 8. The unjust enrichment claim subsequently was dismissed by the trial court on Kondaur's motion, and this appeal followed. Although we generally have jurisdiction to review declaratory judgments pursuant to A.R.S. §§ 12-1837 and 12-2101(A)(1), we decline to do so here for reasons set forth below.

## Discussion

### Standing

**¶6**     As an initial matter, we address Kondaur's standing to seek review of all issues ruled on by the trial court. While Kondaur acknowledges that the court "agreed with [its] position and granted the relief requested on some of the issues presented," it nevertheless seeks review of "all of the issues considered by the Superior Court."[4] However, appellate jurisdiction is confined to appeals taken by a "party aggrieved by the judgment." Ariz. R. Civ. App. P. 1; *see also Chambers v. United Farm Workers Organizing Committee*, 25 Ariz. App. 104, 107, 541 P.2d 567, 570 (1975) ("court's ruling which is favorable to a party may not be appealed by that party"); *Farmers Ins. Grp. v. Worth Ins. Co.*, 8 Ariz. App. 69, 71, 443 P.2d 431, 433 (1968) ("It is a prerequisite to our appellate jurisdiction that the appellant be a 'party aggrieved' by the judgment or order."). And where a lower court ruling addresses multiple claims for relief, an appellant is only entitled to appeal from "'that part of the judgment by which [it] is aggrieved.'" *Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 8, 160 P.3d

---

[4]Based on this statement, we presume Kondaur is not seeking review of Issue 2, which was neither included in its motion for summary judgment nor addressed at the hearing on that motion. In any event, that issue has been waived as a result of Kondaur's failure to address it herein. *See* Ariz. R. Civ. App. P. 13(a)(6); *DeElena v. S. Pac. Co.*, 121 Ariz. 563, 572, 592 P.2d 759, 768 (1979) (issues not argued on appeal treated as abandoned).

223, 226 (App. 2007), *quoting In re Gubser*, 126 Ariz. 303, 306, 614 P.2d 845, 848 (1980).

¶7        Although Kondaur cites *Camreta v. Greene*, ___ U.S. ___, 131 S. Ct. 2020 (2011), as support for its contention that "a prevailing party may appeal a Court's order," that decision is inapt for several reasons. *Camreta* addressed the application of article III of the United States Constitution and its "case-or-controversy requirement" to a petition for certiorari filed by defendants who had lost on the merits but succeeded on their claim of qualified immunity. *Id.* at 2028-29. Unlike its federal counterpart, Arizona's constitution does not feature a "case-or-controversy" requirement; rather, the directive to intermediate courts to consider appeals brought by "aggrieved" parties is rule-based. *See* Ariz. R. Civ. App. P. 1. Moreover, the holding in *Camreta* was expressly confined to situations in which an immunized party seeks review in the Supreme Court of a decision finding the party's conduct had violated a litigant's constitutional rights. *Id.* at 2033 ("Our decision today does no more than exempt one special category of cases from our usual rule against considering prevailing parties' petitions."). It therefore has no application to the issue at hand. Finally, the essence of the *Camreta* holding—that a litigant who prevailed on one issue but lost on another may appeal the adverse portion of the ruling—is entirely consistent with our decision here. We therefore decline Kondaur's invitation to expand the scope of our review, and address only those portions of the ruling wherein the trial court did not adopt Kondaur's position—specifically, Issues 1, 5, and 7.

**Mootness**

¶8        We now consider whether Kondaur's remaining claims for declaratory relief were rendered moot by the Whites' eviction from the property. Although, as noted above, Arizona courts are not constitutionally constrained to consider only "cases" or "controversies," we typically decline to consider moot or abstract questions as a matter of judicial restraint. *Lana A. v. Woodburn*, 211 Ariz. 62, ¶ 9, 116 P.3d 1222, 1225 (App. 2005), *citing Fraternal Order of Police Lodge 2 v. Phoenix Emp. Relations Bd.*, 133 Ariz. 126, 127, 650 P.2d 428, 429 (1982). As our supreme court has stated: "It is not an appellate court's function to declare principles of law which cannot

have any practical effect in settling the rights of litigants." *Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548, 694 P.2d 835, 836 (App. 1985). Nor is it our role to "act as a fountain of legal advice." *Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229-30, 696 P.2d 1376, 1378-79 (App. 1985). However, we may elect to consider issues that have become moot "'if there is either an issue of great public importance or an issue capable of repetition yet evading review.'" *Bank of New York Mellon v. De Meo*, 227 Ariz. 192, ¶ 8, 254 P.3d 1138, 1140 (App. 2011), *quoting Phoenix Newspapers, Inc. v. Molera*, 200 Ariz. 457, ¶ 12, 27 P.3d 814, 817 (App. 2001).

**¶9** The dispute that prompted Kondaur's claims against PCSO was resolved when the Whites were evicted from their home in July 2011. Indeed, Kondaur acknowledged at oral argument on its motion for summary judgment that, as a result of the "Whites hav[ing] been locked out . . . the issues regarding the execution of the writ" are "moot," and confirmed that it was "seeking declaratory judgment not so much for this case, as much as to have guidance for how the sheriff's office should be functioning in future cases." It nevertheless urges us on appeal to "issue a published opinion detailing [our] interpretation of . . . Arizona eviction procedures" and providing "clear direction on how these issues should be dealt with" because they arise with "frequen[cy] . . . in Arizona." Given the undisputed absence of a live controversy, our consideration of the merits hinges on the application of one of the exceptions to the mootness doctrine identified above. *See, e.g., Contempo-Tempe*, 144 Ariz. at 230, 696 P.2d at 1379. We conclude that neither applies here.

**¶10** The exception courts have carved out for issues of "great public importance" typically applies when an "issue . . . will have broad public impact beyond resolution of the specific case." *Cardoso v. Soldo*, 230 Ariz. 614, ¶ 6, 277 P.3d 811, 814 (App. 2012). We generally decline to apply this exception where an appellant's argument is grounded on events that occurred in the specific case. *Id.* Here, despite Kondaur's attempt to portray the issues raised in the trial court's declaratory judgment as broadly relevant, it is apparent from the ruling that they reflect a complicated progression of interwoven facts dependent on specific responses to a writ of

restitution by the occupants of a property and the executing authority. More importantly, Issues 1, 5, and 7 were resolved through straightforward application of the statutory language, confirming that this case is not appropriate for discretionary review pursuant to the "public importance" exception because it does not involve a significant question. *See London v. Broderick*, 206 Ariz. 490, ¶ 7, 80 P.3d 769, 771 (2003) (deciding a moot issue "because the issue it raises is important"); *Big D Constr. Corp. v. Court of Appeals*, 163 Ariz. 560, 563, 789 P.2d 1061, 1064 (1990) (courts will consider "significant questions" pursuant to public importance exception to mootness doctrine).

**¶11** Nor do we find that discretionary review is appropriate pursuant to the exception applied to issues that are "'capable of repetition yet evading review.'" *Bank of New York Mellon*, 227 Ariz. 192, ¶ 8, 254 P.3d at 1140, *quoting Phoenix Newspapers, Inc.*, 200 Ariz. 457, ¶ 12, 27 P.3d at 817. Although Kondaur cites "ongoing disputes" with "[PCSO] and other Sheriff Departments" and argues broadly that "these issues continually arise in Arizona," it has failed to identify any other properties it owns or intends to purchase in Pinal County. Accordingly, there is no support for a conclusion that the parties' underlying dispute is "capable of repetition." *See* 5 Am. Jur. 2d App. Rev. § 602 (mootness doctrine limited to situations where same complaining party will be subjected to same action again); *see also Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982) ("capable of repetition yet evading review" exception requires "reasonable expectation . . . that the same controversy will recur involving the same complaining party"); *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1131 (9th Cir. 1986) (exception applies where "plaintiff can show that *he* will again be subject to the same injury" not where "other persons may litigate a similar claim").

**¶12** In any event, Kondaur has not demonstrated that these issues are likely to evade review if they arise again in the context of an eviction action. Issues are typically characterized as "evading review" where time constraints prevent an appeal from being heard. *Compare Cardoso*, 230 Ariz. 614, ¶¶ 7-8, 277 P.3d at 814 (declining to apply exception where challenged order of protection was effective for one year after service); *with KPNX Broad. v. Superior Court*, 139

Ariz. 246, 250, 678 P.2d 431, 435 (1984) (applying exception to case involving public release of courtroom sketches based on short duration of criminal trials); *Phoenix Newspapers, Inc.*, 200 Ariz. 457, ¶ 14, 27 P.3d at 817 (claim that newspaper was being denied access to records could evade review because of short time between creation of records and public release); *State v. Sirny*, 160 Ariz. 292, 293, 772 P.2d 1145, 1146 (App. 1989) (considering challenge to statute authorizing defendant's expired three month jail sentence based on "relative brevity of the sentences imposed under the statute"). Here, more than a year elapsed between the filing of Kondaur's action against the Whites and their ultimate eviction from the property. Had Kondaur moved for preliminary injunctive relief during that time, *see* Rule 65, Ariz. R. Civ. P., these issues likely could have been resolved on appeal before they had become moot, *see* § 12-2101(A)(5)(b) (denial of injunctive relief is appealable order); *Ariz. Citizens Clean Elections Comm'n v. Brain*, 233 Ariz. 280, ¶ 9, 311 P.3d 1093, 1097 (App. 2013), *review granted in part* (Ariz. Nov. 26, 2013). The exception for issues that may evade appellate review is therefore inapt.

## Disposition

¶13 For all of the foregoing reasons, we decline to consider the issues presented by this appeal, which is hereby dismissed as moot.