NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ARLENE L., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY,[1] M.L., Z.V., I.V., *Appellees*.

No. 1 CA-JV 14-0118
FILED 11-04-2014

Appeal from the Superior Court in Maricopa County
Nos. JD23186 & JS17137
The Honorable Linda H. Miles Judge

**DISMISSED AS MOOT**

COUNSEL

John L. Popilek PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee*

---

[1]  Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety (DCS) is substituted for the Arizona Department of Economic Security in this matter.  *See* ARCAP 27.

Joseph C. Shanahan, Scottsdale
By Law Office of Joseph Ramiro-Shanahan PLLC
*Guardian Ad Litem for Children*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

---

**J O N E S**, Judge:

¶1        Arlene L. (Mother) is the biological mother of M.L., Z.V., and I.V. (collectively, the Children).  Following the Children being found dependent and placed in the State's care, DCS sought to update their routine vaccinations.  Mother objected to the vaccinations on religious and personal grounds.  Following an evidentiary hearing, the trial court found the existence of a compelling state interest sufficient to override Mother's religious objection, and granted DCS authority to vaccinate the children.  Mother appealed.  Because we conclude this appeal has been mooted by the severance of Mother's parental rights, we dismiss her appeal.

**FACTS AND PROCEDURAL HISTORY**

¶2        In mid-2013, the Children were found dependent as to Mother.[2]  As a result, the trial court awarded legal care, custody, and control of the Children to DCS, and affirmed a case plan of family reunification, with a concurrent plan of severance and adoption.

¶3        In December 2013, DCS moved the court to authorize the administration of routine vaccinations to the Children over Mother's religious objection.  The trial court held an evidentiary hearing on the limited issue of whether DCS could immunize the dependent children.  At the hearing, Mother testified as to the religious and personal beliefs she asserted formed the basis of her objection, and DCS presented testimony about the Children's medical and behavioral issues, as well as expert testimony regarding the risks associated with the Children remaining unimmunized. Following the hearing, in April 2014, the trial court found

---

[2] The Children were also found dependent as to their biological father. Prior to the events forming the basis of this appeal, the Children's father passed away.

the evidence presented demonstrated the existence of a compelling state interest sufficient to overcome Mother's religious objection, and granted DCS authorization to vaccinate the Children. Mother timely brought this appeal, challenging the sufficiency of the evidence supporting the trial court's finding.

¶4 DCS respectfully agreed to delay inoculating the Children until the appellate process had completed, but the appeal did not halt or suspend the underlying dependency action. In June 2014, the trial court granted DCS's motion to change the case plan from family reunification to severance and adoption, and DCS then moved to terminate Mother's parental rights to the Children. In August 2014, after conducting a severance hearing, the court terminated Mother's parental rights in an unsigned minute entry. In September 2014, the court entered a signed minute entry, which made the termination of Mother's parental rights final.

## DISCUSSION

### I.    Mootness

¶5 As a threshold matter, we must determine whether Mother's appeal was mooted by the subsequent termination of her parental rights. We find that it was.

¶6 It is well established that Arizona courts "will refrain from considering moot or abstract questions." *Fraternal Order of Police v. Phx. Emp. Relations Bd.*, 133 Ariz. 126, 127, 650 P.2d 428, 429 (1982) (citations omitted); *Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229, 696 P.2d 1376, 1378 (App. 1985). Although Arizona courts are not constitutionally limited to consider only "cases and controversies," "we typically decline to consider moot . . . questions as a matter of judicial restraint." *Kondaur Capital Corp. v. Pinal Cnty.*, 235 Ariz. 189, 192-93, ¶ 8, 330 P.3d 379, 382-83 (App. 2014) (citing *Lana A. v. Woodburn*, 211 Ariz. 62, 65, ¶ 9, 116 P.3d 1222, 1225 (App. 2005)). "A case becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties." *Sedona Private Prop. Owners Ass'n v. City of Sedona*, 192 Ariz. 126, 127, ¶ 5, 961 P.2d 1074, 1075 (App. 1998) (citing *Sandblom v. Corbin*, 125 Ariz. 178, 182, 608 P.2d 317, 321 (App. 1980)); *see also Contempo-Tempe*, 144 Ariz. at 229, 696 P.2d at 1378 (noting a question becomes moot through "a change in a condition of affairs") (citations omitted).

¶7 The thrust of Mother's appeal is the interplay between the residual rights retained by a parent during the dependency of a child and

the statutory duties imposed upon DCS to care for the health and well-being of a dependent child in its custody. When DCS assumes legal custody and care of a dependent child, it assumes "[t]he responsibility to provide the child with adequate food, clothing, shelter, education and medical care, . . . *subject to the residual parental rights and responsibilities if they have not been terminated by judicial decree.*" Ariz. Rev. Stat. (A.R.S.) § 8-531(5)[3] (emphasis added). Moreover, when a dependent child is placed in foster care, as the Children were, DCS must also provide the child with "comprehensive medical and dental care," A.R.S. § 8-512(A)(1), which "may include [a] program of regular health exams and *immunizations*." A.R.S. § 8-512(C)(1) (emphasis added).

¶8            DCS's obligation to provide medical care to dependent children is not absolute, as it is "subject to the residual parental rights . . . [that] have not been terminated by judicial decree." A.R.S. § 8-531(5). Encompassed within a parent's residual parental rights is her right to direct the religious upbringing of her child. *Diana H. v. Rubin*, 217 Ariz. 131, 135, ¶ 17, 171 P.3d 200, 204 (App. 2007).

¶9            A severance order "divest[s] the parent and the child of all legal rights, privileges, duties and obligations with respect to each other except the right of the child to inherit and support from the parent." A.R.S. § 8-539. Such an order is effective on the date of entry, and is not stayed during the pendency of any appeal therefrom. A.R.S. § 8-235(B).[4] Accordingly, upon entry of the court's severance order, all of Mother's legal rights with respect to the Children were terminated. This includes her right to direct the religious upbringing of the Children and, consequently, her ability to object to the Children receiving vaccinations. *Diana H.*, 217 Ariz. at 138 n.6, ¶ 32, 171 P.3d at 207 n.6 ("Obviously some dependencies do culminate in the permanent termination of the parent-child relationship, an event that extinguishes any remaining parental rights [held during the dependency]. *See* A.R.S. § 8-539. In those cases, nothing prevents the state from arranging to have the child immunized after the parent's rights have been severed.").

---

[3] Absent material revisions from the relevant date, we cite to the current version of a statute or regulation unless otherwise indicated.

[4] A trial court's order may be suspended or stayed by an appellate court during an appeal "if suitable provision is made for the care and custody of the juvenile." A.R.S. § 8-235(B). No such stay was issued here.

**¶10** Although we may "elect to consider issues that have become moot if there is either an issue of great public importance or an issue capable of repetition yet evading review," *Kondaur Capital Corp.*, 235 Ariz. at 193, ¶ 8, 330 P.3d at 383 (quoting *Bank of N.Y. Mellon v. De Meo*, 227 Ariz. 192, 194, ¶ 8, 254 P.3d 1138, 1140 (App. 2012)) (internal quotations omitted), we find neither of these exceptions applicable here.

**¶11** The exception for matters of "great public importance" typically applies when the matter "will have broad public impact beyond resolution of the specific case." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 6, 277 P.3d 811, 814 (App. 2012) (citing *Bank of N.Y. Mellon*, 227 Ariz. at 194, ¶ 8, 254 P.3d at 1140). The exception is usually inapplicable "where an appellant's argument is grounded on events that occurred in the specific case." *Kondaur Capital Corp.*, 235 Ariz. at 193, ¶ 10, 330 P.3d at 383 (citing *Cardoso*, 230 Ariz. at 617, ¶ 6, 277 P.3d at 814). Here, the trial court was tasked with determining whether DCS had proven a compelling interest sufficient to overcome Mother's religious objection. As "each case [in this context] must by necessity be decided on its own facts," *Cochise Cnty. No. 5666-J*, 133 Ariz. 157, 164, 650 P.2d 459, 466 (1982) (citing *In re Karwath*, 199 N.W.2d 147, 150 (Iowa 1972)), this exception is inapplicable.

**¶12** The exception for matters "capable of repetition yet evading review," typically applies when "an issue that is capable of recurring cannot be decided by the appellate court" because of time constraints. *Cardoso*, 230 Ariz. at 617, ¶ 7, 277 P.3d at 814 (citing *KPNX Broad. v. Superior Court*, 139 Ariz. 246, 250, 678 P.2d 431, 435 (1984), and *Ariz. Dep't of Econ. Sec. v. Superior Court*, 171 Ariz. 688, 690, 832 P.2d 705, 707 (App. 1992)). Here, although the issue may be capable of repetition, it does not necessarily evade review. In this case, Mother elected to take a regular appeal from the trial court's order authorizing the immunizations. Even though juvenile appeals receive precedence over most other appeals, Mother would have most likely expedited the process had she instead filed a special action petition. A.R.S. § 8-235(C) (granting juvenile appeals "precedence over all other actions except extraordinary writs or special actions"); *see Diana H.*, 217 Ariz. at 132, ¶ 1, 171 P.3d at 201 (accepting special action jurisdiction where trial court granted state agency authority to consent to dependent child's immunizations over a mother's religious objection). Had Mother sought special action review, it is likely her case would have been decided prior to the termination of her parental rights, which occurred nearly five months following the trial court's order authorizing the vaccinations. Therefore, we conclude this exception is inapplicable as well.

## CONCLUSION

**¶13**		As Mother's parental rights to the Children have been severed, she no longer possesses the right to object to their inoculation. Accordingly, a decision in this case would have no impact on these parties. Therefore, we dismiss her appeal as moot.



Ruth A. Willingham · Clerk of the Court
FILED: gsh