IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of Guardianship of:

M.G., R.G., *Appellants*.

No. 1 CA-CV 20-0467
FILED 2-9-2021

Appeal from the Superior Court in Maricopa County
No. JG511673
The Honorable Veronica W. Brame, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Czop Law Firm PLLC, Higley
By Steven Czop
*Guardian ad litem for Appellants*

**OPINION**

Presiding Judge Randall M. Howe delivered the opinion of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

**H O W E**, Judge:

¶1        The guardian ad litem ("GAL") appointed for M.G. and R.G. appeals the trial court's denial of Gabriel Guzman's guardianship petition. The trial court concluded that, because a guardianship proceeding requires parental notice, such proceedings are not an option for a child whose only

living parent has died. We disagree and hold that, when a child's only living parent dies, parental rights are terminated for purposes of A.R.S. § 14–5204, which provides a basis for an assertion of authority under that statute to appoint a guardian for the children.

## FACTS AND PROCEDURAL HISTORY

¶2        M.G. and R.G. were adopted in 2014 by their maternal grandmother, Consuelo Sesma ("Mother"). From that time forward, Mother was the sole parent of M.G. and R.G. until she died in March 2020, when M.G. was 17 and R.G. was 15.[1] The children consequently had no living parent to care for them. In April 2020, Guzman, the children's maternal uncle, petitioned for guardianship of the children under A.R.S. § 14–5207(A). He supported his petition with consent forms from both M.G. and R.G., and an affidavit with the disclosures A.R.S. § 14–5106(A) required.

¶3        The court appointed a GAL and held a guardianship hearing in June 2020. The court declined to grant Guzman guardianship because A.R.S. § 14–5207(A) requires that a child's parents be notified, and the children here had no parents to notify. The court reasoned that with no living parent, a dependency petition must be filed under A.R.S. § 8–841(A). The GAL timely appealed the court's denial of the guardianship petition, but also filed a dependency action under A.R.S. § 8–841(A).

## DISCUSSION

¶4        The GAL argues that the trial court erred by denying Guzman's guardianship petition. He further argues that his filing for dependency did not render the issue moot. Since the children had no parent or guardian to care for them, he had to file the dependency action in case the trial court's ruling is affirmed on appeal.

¶5        Generally, as a matter of judicial restraint, this Court declines to consider moot issues. *Kondaur Capital Corp. v. Pinal Cty.*, 235 Ariz. 189, 193 ¶ 8 (App. 2014). We may, however, consider a moot issue if, as here, it is of great public importance or capable of repetition yet evading review. *Id.* The trial court noted that this issue repeatedly arises and that guidance from an appellate court would be useful. Further, the issue is likely to continue evading review because a GAL, like the one here, will usually file a dependency action to ensure minor children are not left without parental

---

[1]        Mother adopted a third child, but the child has since turned 18 and is therefore not part of this appeal.

care. We therefore decline to dismiss the appeal as moot and consider the issue.

¶6         The GAL argues that a court can appoint a guardian under A.R.S. § 14–5204 when a child's last living parent dies because parental rights terminate at death for purposes of that statute. We review questions of statutory interpretation de novo. *Dignity Health v. Farmers Ins. Co. of Ariz.*, 247 Ariz. 39, 42 ¶ 6 (App. 2019).

¶7         The court has the authority to appoint a guardian for an unmarried minor child "if all parental rights of custody have been terminated or suspended by circumstances or prior court order." A.R.S. § 14–5204. The court shall hold a hearing on the petition and the petitioner must give notice of the hearing to a child who is at least 14, the person who has had principal care and custody of the child during the 60 days before the petition, and any living parent of the child. A.R.S. § 14–5207(A). The court shall make the appointment if, after the hearing, it "finds that a qualified person seeks appointment, venue is proper, the required notices have been given, the requirements of § 14–5204 have been met and the welfare and best interests of the minor will be served by the requested appointment." A.R.S. § 14–5207(B).

¶8         Mother's parental rights terminated when she died, thereby satisfying § 14–5204's condition that "all parental rights of custody have been terminated." *See* A.R.S. § 14–5204; *Stansell v. Superior Court In and For Maricopa Cty.*, 125 Ariz. 82, 83 (1980) (noting that in addition to the mother's consent to the guardianship, the father was deceased); *see also In re Guardianship of Ashleigh R.*, 55 P.3d 984, 988 (N.M. Ct. App. 2002) (noting that a similar New Mexico statute authorized the appointment of guardians for children whose parents were deceased). Guzman satisfied A.R.S. § 14–5207(A)'s notice requirements by notifying the minor children of the guardianship hearing. Therefore, the court had the authority to appoint Guzman as a guardian for the minor children after determining that the requirements of A.R.S. § 14–5207(B) were met.

¶9         The definition of "dependent child" under A.R.S. § 8–201(15)(a)(i) further supports this interpretation. A "dependent child" means a child who has been adjudicated in need of proper parental care and who has no parent or guardian. When a deceased parent has made no arrangements for a guardian and no person has come forward seeking guardianship under A.R.S. § 14–5207(A), the case is one for dependency under A.R.S. § 8–841(A). But when, as here, a family member has come forward seeking guardianship of the children before any dependency

action has commenced, the court must determine whether the family member meets the requirements of A.R.S. § 14–5207(B), including whether appointing that person as a guardian is in the children's best interests.

¶10       If the court appoints Guzman as guardian under A.R.S. § 14-5207(B), no dependency action would be necessary. *See* A.R.S. § 8–201(15)(a)(i). If, however, the court determines that appointing Guzman as guardian would not meet the requirements of A.R.S. § 14–5207(B), it can dismiss the guardianship petition, and the case can proceed as one for dependency under A.R.S. § 8–841(A). *See* A.R.S. § 8–201(15)(a)(i). Because the court dismissed Guzman's guardianship petition without determining whether the requirements of A.R.S. § 14–5207(B) were met, it erred.

## CONCLUSION

¶11       For the foregoing reasons, we reverse and remand for further proceedings.

