IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE DEPENDENCY AS TO G.K., L.K., C.K. and C.K.

No. 1 CA-JV 23-0135

FILED 08-27-2024

Appeal from the Superior Court in Maricopa County
No. JD40644, JS21329
The Honorable Michael J. Herrod, Judge

**APPEAL DISMISSED**

APPEARANCES

Allegra G., Phoenix
*Appellant*

H. Clark Jones, LLC, Mesa
By H. Clark Jones
*Advisory Counsel for Appellant Allegra G.*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee Department of Child Safety*

_____

**OPINION**

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer B. Campbell joined.

_____

**B R O W N**, Judge:

¶1        Allegra G. ("Mother") appeals from a June 2023 juvenile court order reaffirming that her four minor children are dependent.  The court reaffirmed the children's dependency in a December 2023 order.  Because that order necessarily replaces the June 2023 order, we dismiss Mother's appeal as moot.

## BACKGROUND

¶2        In March 2021, one of Mother's six biological children died under mysterious circumstances at the age of 14.  After an investigation found that the children had never received any professional medical care, dental care, or formal schooling, the Department of Child Safety ("DCS") petitioned for dependency, alleging Mother was unable to provide proper or effective parental care and control for the children due to abuse, neglect, and mental health concerns.

¶3        In June 2021, the juvenile court found the surviving children dependent as to Mother and granted DCS legal custody.  The court also found the children were dependent as to Father, but he is no longer a party to this appeal.  This court affirmed that decision.  *Allegra G. v. Dep't of Child Safety*, 1 CA-JV 21-0221, 2021 WL 5830199 (Ariz. App. Dec. 9, 2021) (mem. decision).

¶4        At a July 2021 disposition hearing, the juvenile court adopted a severance and adoption case plan and ordered DCS to expedite placing the children with an out-of-state relative.  DCS then placed the children in the relative's physical custody, while DCS retained legal custody.  This court affirmed that disposition order and an order denying Mother's request to place the children with a different relative.  *Allegra G. v. Dep't of Child Safety*, 1 CA-JV 21-0260, 2022 WL 1043741 (Ariz. App. Apr. 7, 2022) (mem. decision); *Allegra G. v. Dep't of Child Safety*, 1 CA-CV 21-0445, 2022 WL 714422 (Ariz. App. Mar. 10, 2022) (mem. decision).

¶5            In August 2021, DCS moved to terminate Mother's parental rights based on neglect.  At a December 2021 hearing, the juvenile court affirmed the severance and adoption case plan and found the children continued to be dependent.  It also reaffirmed the children's dependency at a July 2022 hearing, and this court affirmed those orders.  *Allegra G. & Kasongo T. v. Dep't of Child Safety*, 1 CA-JV 22-0005, 2023 WL 2658031 (Ariz. App. Mar. 28, 2023) (mem. decision).

¶6            At a January 2023 hearing, the juvenile court again reaffirmed the children's dependency, but the oldest child was dismissed from the proceedings several weeks later when he turned 18 years old.  Because the relative could no longer care for the four youngest children, DCS relocated them to Arizona in June 2023.  At a hearing later in June, the court affirmed the children's dependency.

¶7            Mother timely appealed and initially sought to challenge five rulings made by the juvenile court.  This court issued an order limiting Mother's appeal to the June 2023 dependency reaffirmation because the other rulings are non-appealable orders related to changing physical custody, reasonable efforts to finalize the case plan, substitution of counsel, and denial of a continuance.  We have jurisdiction of Mother's appeal of the dependency reaffirmation under A.R.S. § 8-235(A).  After Mother's appellate counsel certified that he had diligently searched the record and found no non-frivolous issues to raise on appeal, Mother filed a *pro se* opening brief.  *See* Ariz. R.P. Juv. Ct. 607(e)(1)(B).

## DISCUSSION

¶8            Mother argues the juvenile court erred when it reaffirmed the children's dependency in June 2023 because "no testimony was taken and no evidence was admitted."  In response, DCS contends that Mother's appeal is moot based on the court's dependency finding included in a December 2023 minute entry, which DCS attached to its answering brief without objection.

¶9            After a court determines that a child is dependent, it must hold review hearings at least once every six months to review the parties' progress in achieving case plan goals and to discern whether the child continues to be dependent.  A.R.S. § 8-847(A); Ariz. R.P. Juv. Ct. 341(a).  A child is dependent if the child is "[i]n need of proper and effective parental care and control" and "has no parent or guardian willing to exercise or capable of exercising such care and control."  A.R.S. § 8-201(15)(a)(i).  DCS must submit a report in advance of the review hearing, and "the court may

3

consider the oral or written reports of the parties, documents entered into evidence at prior proceedings, documents agreed upon by the parties, and any other reports pursuant to Rule 104." Ariz. R.P. Juv. Ct. 341(c), (e)(1); *see also Dep't of Child Safety v. Stocking-Tate*, 247 Ariz. 108, 114, ¶ 14 (App. 2019) (noting that orders entered after "review hearings may be informed by additional reports, evidence, and testimony"). Any party who desires an evidentiary hearing on any issue is required to file a motion requesting such a hearing. Ariz. R.P. Juv. Ct. 341(d). Mother made no such motion here.

**¶10** The juvenile court's review process is necessarily cumulative because the court "does not engage in a perpetual review of the same evidence." *Stocking-Tate*, 247 Ariz. at 114, ¶ 14. Instead, "each new order necessarily replaces the last as the court gains information and perspective." *Id.*; *see also Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 349, ¶ 16 (App. 2013) (recognizing that child welfare considerations "are rarely, if ever, static" and that "it is more likely that the child's environment is constantly evolving") (citation omitted). Thus, in general, appellate arguments challenging a juvenile court's order become moot when the court makes "new findings, based on the circumstances as they exist today." *Brionna J. v. Dep't of Child Safety*, 247 Ariz. 346, 351, ¶ 17 (App. 2019).

**¶11** Under Arizona Rule of Evidence 201, a court may take judicial notice of its own records, and this court may "take judicial notice of anything of which the trial court could take notice." *In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000). Here, Mother does not dispute that the December 2023 minute entry provided by DCS, of which we take judicial notice, states that the juvenile court "read and considered the DCS child safety specialist's report dated [November 9, 2023]" and found that "the children continue to be dependent." *See* Ariz. R. Evid. 201(c)(2) (stating that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information"); (d) ("The court may take judicial notice at any stage of the proceeding."). Because the juvenile court considered a more recent DCS child safety specialist's report in reaching its conclusion in the December 2023 minute entry, that ruling necessarily replaces the prior dependency order. *See Stocking-Tate*, 247 Ariz. at 114, ¶ 14.

**¶12** As a matter of judicial restraint, "we typically decline to consider moot or abstract questions." *Kondaur Cap. Corp. v. Pinal Cnty.*, 235 Ariz. 189, 193, ¶ 8 (App. 2014). Generally, "when our action as a reviewing court will have no effect on the parties," we dismiss the appeal as moot. *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012). Now that the December

2023 order controls, Mother's challenge to the June 2023 order is moot because it has no effect on the parties, including Mother. On occasion, in the exercise of our discretion we consider appeals that have become moot when they "present an issue of great public importance or one capable of repetition yet evading review." *Id.* But neither factor is presented here.

## CONCLUSION

¶13 Mother's appeal is dismissed as moot.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV