NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

VANESSA STAFFORD, *Petitioner*.

No. 1 CA-CR 23-0417 PRPC

FILED 10-31-2024

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201880374
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Ethan A. Wolfinger
*Counsel for Respondent*

By Vanessa Sue Stafford, Peach Springs
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which
Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**F O S T E R**, Judge:

¶1        Petitioner Vanessa Stafford petitions this Court for review
from the dismissal of her petition for post-conviction relief. Finding her
petition for review noncompliant with Arizona Rule of Criminal Procedure
("Rule") 32.16, this Court grants review but denies relief for the following
reasons.

**FACTS AND PROCEDURAL HISTORY**

¶2        Stafford pled guilty by plea agreement to criminal damage, a
Class 5 felony, and leaving the scene of accident, a Class 2 misdemeanor.
Both were non-dangerous, non-repetitive offenses. The superior court
suspended Stafford's sentence and placed her on 3 years of probation,
commencing in March 2019, with 120 days of deferred jail to be served at
the discretion of the court. In the plea agreement, Stafford agreed "to pay
restitution to the victim(s) of [] her criminal conduct" in an amount not to
exceed $50,000.00 Accordingly, the superior court ordered Stafford to pay
a total of $31,257.90[1] in restitution to the victims.

¶3        Despite making minimum monthly restitution payments,
Stafford still owed about $29,000 as her probation term was ending. Before
her probation expired, the superior court, in accordance with A.R.S. § 13-
902(c), extended her probation by five years and reduced her monthly
restitution payment. Stafford made one more payment and then told her
probation officer she was unwilling to pay more. Based on her
unwillingness to pay, a petition to revoke probation was filed. In a
contested probation violation hearing, Stafford testified she received a
monthly income but refused to make additional restitution payments after

---

[1] Though Stafford alleges fraud in the amount of restitution owed, the
victims in this case submitted documentation in support of the total amount
of restitution owed.

her probation was extended.[2] The superior court found that Stafford violated her probation by having the ability to pay restitution but failing to do so. In November 2022, the superior court revoked Stafford's probation and sentenced her to 120 days in jail with 12 days of incarceration credit.

**¶4**      Stafford filed a timely notice and petition for post-conviction relief. Stafford raised claims under Rule 32.1(a), including ineffective assistance of counsel and double jeopardy and speedy trial violations, as well as claims under Rule 32.1(c), (e) and (h) but provided no support for such claims. Finding no colorable claims, the superior court summarily dismissed the petition.

## DISCUSSION

**¶5**      On review, Stafford asks this Court to deny relief so that she can pursue her appeal to a higher court. Stafford makes vague allegations of ineffective assistance of counsel and claims she was imprisoned for being poor. She also accuses the State, courts, police and victims of corruption and fraud.

**¶6**      A petitioner must strictly comply with the post-conviction relief rules or be denied relief. *State v. Carriger*, 143 Ariz. 142, 146 (1984). It is the petitioner's burden to assert a claim within the provisions of Rule 32, and a failure to comply with the rule results in a waiver of that claim. *Id*. Here, Stafford failed to comply with Rule 32.16 because she did not include a statement of issues decided by the superior court, a statement of material facts with references to the record or give reasons why the appellate court should grant the petition with citations to supporting legal authority. *See* Ariz. R. Crim. P. Rule 32.16(c)(2). Stafford's failure to comply with Rule 32.16 did not satisfy her burden to establish error. *See* Ariz. R. Crim. P. 33.16(k) (describing appellate review as discretionary); *see also State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (failure to cite to relevant authority and to develop the argument waives claim on review); *State v. Bolton*, 182 Ariz. 290, 298 (1995) (insufficient argument waives claim on review).

**¶7**      This Court also notes that any challenge to Stafford's jail sentence or probation extension is moot. Stafford is no longer in custody, and her probation was terminated; thus, relief is unavailable. *See Bank of*

---

[2] Stafford alleges an inability to pay, and the court was willing to entertain a request to lower the monthly payment again, but Stafford still refused to make any more payments.

*New York Mellon v. DeMeo*, 227 Ariz. 192, 193–94, ¶ 8 (App. 2011) (stating a decision is moot if the court's decision would have no effect on the parties).

## CONCLUSION

**¶8** Accordingly, review of the superior court's order is granted, but relief is denied.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV