716 P.2d 68

**In the Matter of the Appeal in PIMA COUNTY MENTAL HEALTH NO. MH–959–10–85.**

**No. 2 CA–CIV 5541.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 28, 1986.

Stephen D. Neely, Pima County Atty. by Martha M. Durkin, Tucson, for appellee.

Terry J. Dalke, Public Fiduciary as Sp. Public Defender, Tucson, for appellant.

## OPINION

LACAGNINA, Judge.

AH appeals his court-ordered commitment, claiming the recently amended civil commitment statute is invalid for several reasons. Appellant's constitutional claims, the questions of physician/patient privilege, and the necessity of *Miranda* warnings prior to evaluation, have been answered adversely in *Appeal in Pima County Mental Health Case No. 1717–1–85* (2 CA–CIV 5587 filed February 19, 1986).

■ Under Title 36, the petition for treatment is to be accompanied by "affidavits of two physicians who conducted the examinations during the evaluation period." A.R.S. § 36–533(B). For the purposes of Title 36, the term "examination" includes among other things "an exploration of the person's past psychiatric history." A.R.S. § 36–501(10). We hold that in a Title 36 evaluation, to the extent a patient's prior history becomes important as part of the evaluation, in order to comply with the requirements of the statute, that prior history is not privileged because of the provisions of A.R.S. § 36–509 and thus is not privileged under A.R.S. § 12–2235. Although all witnesses who testified, including the doctors, had known AH for some time, we find substantial evidence from all these witnesses as to his present mental disorder. Therefore, we find the issue of a prior privilege is not before us.

AH argues the maintenance of prior commitment records as part of a single file allows the court to consider evidence not properly introduced at trial. During the course of the hearing, counsel for AH argued the following.

[COUNSEL:] The motion I would like to make is that I believe the court file should be kept separately because it's unduly prejudicial to my client at the current hearing to have earlier cases in the file that contain materials of questionable relevance, hearsay, other materials that are objectionable that we are not able to make proper objections to because of the fact that they are part of the court record in this case,

THE COURT: So exactly what is your motion?

MS. DALKE: My motion would be to exclude the materials from prior commitments from the case file and to have that material not—

THE COURT: You are asking the court to not take judicial notice of a court file?

MS. DALKE: That's correct.

THE COURT: You know the court can always take judicial notice of a court file.

Under what rule of law are you asking for that?

MS. DALKE: I am objecting that materials from other cases are kept as part of this court file. I do not believe they are properly part of the court file for this particular hearing.

\*　　\*　　\*　　\*　　\*　　\*

Well, I will deny that motion because you have not convinced me that there is any law preventing the court from taking judicial notice of what is properly filed.

 The rules of evidence allow the court to take judicial notice of the contents and disposition of a file, that the case exists and that allegations were made, but the court may not take notice of the truth or falsity of specific allegations except as established by final judgment. *In Re Ronwin*, 139 Ariz. 576, 680 P.2d 107 (1983).

■ Applying the above to the facts in this case, we hold there is no support, either in the transcript or in the court's order for treatment, that it did indeed take judicial notice of the files of previous commitments, or that it relied on them in making its decision. Our review is made more difficult, however, by the failure of counsel for AH to properly make a record. Normally a party requests the court to take judicial notice of some fact. In this case counsel objected to the court's using its discretion, under Rule 201(c), Rules of Evidence, 17A A.R.S., to take notice without such a request. In this situation, two steps would be helpful at the trial level to aid appellate review. First, objecting counsel should request that the trial court make a specific finding concerning its taking of judicial notice. Second, after learning of the court's intention to take judicial notice of specific files counsel should make the proper objections to offending portions of those files and designate them as part of the record for our review.

Affirmed.

LIVERMORE, P.J. and BIRDSALL, J., concur.